UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO.: 1:04CV-177-M**

**WESTFIELD INSURANCE GROUP**                        **PLAINTIFF**

**vs.**

**BESTWAY CONSTRUCTION, et. al.**                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court pursuant to the Court's own motion [DN 21] regarding whether this matter is appropriate for declaratory judgment. Plaintiff, Westfield Insurance Group ("Westfield") filed a Complaint for Declaratory Judgment seeking a judgment that Westfield has no duty to defend or provide coverage for any Defendant in the underlying tort litigation. The Court requested additional briefing with respect to the question of jurisdiction. For the following reasons, the Court finds that the matter is appropriate for declaratory judgment.

### I. FACTS

This action arises from tort litigation filed in Kentucky state court. The Plaintiff, Westfield Insurance Group ("Westfield"), is an Ohio corporation. One of the Defendants, Bestway Companies ("Bestway"), is a Kentucky business located in Bowling Green, Kentucky. Bestway was the insured of a policy of casualty insurance underwritten by Westfield Insurance Group. In May 2004, Bestway initiated a claim requesting that

Westfield provide for its defense under the policy in connection with a complaint filed by Beverly Gillon against Bestway in state court. The Gillon complaint alleged negligence and breach of the Kentucky Consumer Protection Act by Bestway and the other Defendants.

The underlying state claims filed by Gillon are based on claims of mold infestation, allegedly aggravated by Bestway's performance while working to remedy water and sewage damage on Gillon's property. In the state court complaint, Gillon alleges that following the grant of an easement to South Central Rural Telephone Company ("SCRTC") and as a result of the subsequent work performed by C & C Contracting,[1] her home suffered extensive water and sewage damage. At some point, Gillon contacted Bestway in order to repair the damage. Gillon alleges that the repairs performed by Bestway were negligent, and that negligence aggravated the condition. As an alleged result of the damage and mold presence in her home, Plaintiff suffered extensive physical injuries.

Westfield filed a declaratory judgment in this court. Westfield seeks a judgment declaring it has no duty to provide a defense or provide coverage for Bestway in the pending state court litigation under the terms of the insurance policy. Specifically, Westfield contends that Bestway's actions fall under the "Bodily Injury" and "Property

---

[1] C.C. & C. Construction, C.C. & C. Contracting, Inc., and C.& C. Contracting, Inc. are collectively referred to as "C.& C. Contracting" for purposes of this motion.

Damage" exclusions to the insurance contract and are not encompassed by the Commercial General Liability Coverage Section.

For the reasons set forth below, the Court finds that federal jurisdiction is appropriate.

### III.  DISCUSSION

This action has been brought before the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Exercise of jurisdiction under the Declaratory Judgment Act is not mandatory.  Bituminous Casualty Corp. v. J. L. Lumber Co., Inc., 373 F.3d 807, 812 (6th Cir. 2004) (citing Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942)).  When exercising jurisdiction over insurance coverage questions, federal courts must examine five factors to determine whether a case is appropriate for a declaratory judgment:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

> Id. (citing Scottsdale, 211 F.3d at 968 (citations omitted)).

Accordingly, the Court will consider each factor in turn.

**1.  Whether the judgment will settle the controversy.**

Here, Westfield seeks a declaratory judgment that it has no contractual duty to provide a defense or coverage for any Defendant.  Unlike the situation in <u>Bituminous</u>, the Court is only asked to resolve insurance coverage questions that have not been raised in state court.  Resolution of this issue will settle the matter between the insured and the insurer.

For these reasons, this factor does not weigh against exercising jurisdiction.

**2.  Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue**.

Like the first factor, a declaratory judgment from this Court would clarify the legal relationship with respect to the coverage issue between Westfield and the other Defendants.  This issue is not pending before any other court.  Therefore, a decision from this Court would clarify the legal relations at issue.

**3.  Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata."**

There is no evidence of a "race for res judicata" or improper motive in this action. As such, the Court finds that this factor does not weigh against exercising jurisdiction.

**4.  Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.**

When determining whether the exercise of federal jurisdiction would increase friction between federal and state courts, three additional factors are utilized:

>  (1) whether the underlying factual issues are important to an informed resolution of the case;

> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.
> Bituminous, 373 F.3d at 814-15 (citing Scottsdale, 211 F.3d at 968).

Although Bestway repeatedly stated that "underlying factual issues are important to resolving this case," the only issue before the Court is whether the alleged actions of Bestway are encompassed by the specific language of the insurance policy exclusions. This is an issue that can be resolved without engaging in an extensive factual inquiry as to whether Bestway performed in a workmanlike manner.

Second, the Court finds that the state court is not in a significantly better position to evaluate the exclusions in the contract. Although the application and interpretation of insurance contracts is often a state law question, here, the litigation has not progressed very far. In state court, Beverly Gillon has made a variety of allegations with regard to Bestway's negligence. Here, Westfield has asked the Court to determine whether those allegations are encompassed under the policy exclusions. Although state law may apply, this factor does not clearly weigh against exercising jurisdiction.

Finally, like the second sub-factor, the third factor is not determinative in this case. In Bituminous, the issue implicated language that the "Kentucky courts ha[d] not yet interpreted." Id. at 815. Although this case is not likely to turn on federal common law or federal statutory law, there is no implication that it presents novel questions of unsettled state law. This consideration does not weigh against exercising jurisdiction.

**5.  Whether there is an alternative remedy which is better or more effective.**

Finally, the Court considers the alternative remedies available to Westfield.  As the <u>Bituminous</u> court discussed, Kentucky provides a declaration of rights procedure under KRS § 418.040.  <u>Bituminous</u>, 373 F.3d at 816.  In addition, Westfield could also file an indemnity action at the conclusion of the underlying state action.  <u>See</u> <u>Id.</u>  While Westfield does have alternative remedies, it is not clear that these are better or more effective remedies.  Arguably, this factor weighs in favor of jurisdictional abstention.  However, the balance of the factors weighs in favor of exercising jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court will exercise jurisdiction in this case.

cc:  counsel of record
Westfield/104cv177-OrdJurisdiction